UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES B. HAMILTON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT PRESLY<br>DETENTION CENTER, ET AL.,<br><br>　　　　　　Defendants. | Case No. EDCV 12-1854-DOC (DTB)<br><br>ORDER TO SHOW CAUSE |

　　　　October 1, 2012, plaintiff filed the instant action in the Northern District of California. The matter was transferred to the Central District of California on October 18, 2012. On November 8, 2012, plaintiff's request to file action without prepayment of full filing fee was denied with leave to amend within 30 days. Thereafter, on January 31, 2013, plaintiff lodged for filing a First Amended Complaint ("FAC"), along with a Request to Proceed Without Prepayment of Full Filing Fee. Plaintiff's FAC was filed on February 11, 2013, after being granted leave to proceed <u>in forma pauperis</u>. On February 25, 2013, after its initial screening of the FAC, the Court issued an Order Dismissing First Amended Complaint With Leave to Amend. On April 1, 2013, plaintiff filed his Second Amended Complaint ("SAC").

In accordance with the terms of 28 U.S.C. § 1915(e)(2), the Court screened plaintiff's SAC prior to ordering service for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who was immune from such relief.

The gravamen of plaintiff's claims in the SAC appeared to be the same as in the prior complaints, to wit: That the defendants improperly disposed of plaintiff's legal materials, thereby denying him court access. Named as defendants in the SAC are the County of Riverside ("County"); and two unnamed Riverside County Sheriff's Department deputies sued herein as Deputy # 1 and Deputy # 2.

Specifically, plaintiff alleges that on August 30, 2012, Deputy # 1 and Deputy # 2 intentionally destroyed his "active" legal materials while plaintiff was not present, including all of plaintiff's legal materials pertaining to his appeals. (SAC at 5.) The SAC also alleges that "Deputies manipulate the grievance system with the help of supervisors, and that supervisors refuse to intervene or otherwise ensure lawful compliance." (Id.)

On May 17, 2013, the Court found plaintiff's allegations sufficient to state a federal civil rights claim under the Eighth or the Fourteenth Amendment against defendants Deputy # 1 and Deputy # 2 in their individual capacities, at least at this stage in the proceedings.

The Clerk was directed to prepare the Order to the Marshal directing service of process on defendants Deputy # 1 and Deputy # 2 in their individual capacities only. Plaintiff was advised that he need not respond to the Court's May 17, 2012 Order, if he only wished to pursue this action against defendants Deputy # 1 and Deputy # 2 in their individual capacities. As plaintiff had not yet identified either defendant Deputy # 1 or Deputy # 2, the Court granted plaintiff leave to conduct limited discovery in order to ascertain their identities and, thereafter, file a motion to amend the SAC to name the Doe defendants.

On May 31, 2013, plaintiff filed with the Court a "Motion to Release Names & Numbers Deputies 1 & 2" which the Court denied as moot on June 12, 2013. The Court advised plaintiff that the Court granted plaintiff leave to conduct limited discovery to attempt to ascertain the identity of these defendants. To the extent plaintiff was seeking the Court to obtain the identities of these defendants, the Court declined to issue such an order. Plaintiff was further advised that he may conduct the limited discovery on his own, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, and to seek such information from the Riverside County Sheriff's Department.

Plaintiff is advised that pursuant to Fed. R. Civ. P. 4(m) - Time Limit for Service - if a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. As such, the last day for plaintiff to serve the defendants was July 30, 2013.

As of this date, plaintiff has not file a motion to amend the SAC to name the Doe defendants nor has he filed any proofs of service. As such, plaintiff is hereby ORDERED to show cause in writing, on or before **August 23, 2013**, why the Court should not recommend the dismissal of this action without prejudice.

DATED: August 5, 2013

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE